UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| OLIVER JOHNSON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-cv-01129-SNLJ-NCC |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Reconsideration (Doc. 12). Petitioner requests the Court reconsider the July 20, 2016 Memorandum and Order issued by the Honorable Shirley Padmore Mensah denying Petitioner's Motion to Stay and Abey (Doc. 7). Petitioner has also filed an interrelated Motion for Leave to File Notice of the Beginning of Collateral Review Proceedings (Doc. 15) in which he seeks leave to file a "Notice of Transfer Proceedings from the Denial of a Motion to Recall the State Court Mandate in the State Appeallate [sic] Court Finally Docketed in the Missouri Supreme Court" (Doc. 16). As a preliminary matter, the Court will grant Petitioner's Motion for Leave to File Notice of the Beginning of Collateral Review Proceedings (Doc. 15). The Notice has already been filed on the docket and the Court will consider the Notice as it relates to Petitioner's Motion for Reconsideration (*See* Doc. 16). For the following reasons, Petitioner's Motion for Reconsideration (Doc. 12) will be **DENIED**.

Petitioner filed the current action pursuant to Section 2254 on July 7, 2016 (Doc. 1) asserting the following four grounds for relief:

(1) The trial judge abused his discretion by failing to dismiss the case for lack of jurisdiction due to a violation of the Speedy Trial Act (Doc. 1 at 16);

(2) The trial court erred by denying Petitioner's Motion to Dismiss under the Speedy Trial Act (Doc. 1 at 29);

(3) The trial court erred in overruling defense counsel's Motion to Suppress Identifications and in admitting evidence about the identifications (Doc. 1 at 30);

(4) Petitioner's trial counsel was ineffective by failing to represent petitioner in the same manner as a reasonable, competent attorney would have done under the same circumstances which prejudice petitioner at trial (Doc. 1 at 34). Specifically,

(a) Counsel failed to adequately impeach Shirley Hill,

(b) Counsel failed to call Star Poirrer as a witness, and

(c) Counsel represented Petitioner despite having a conflict of interest (Doc. 1 at 34-38).

Petitioner also filed a Motion to Stay and Abey pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) concurrently with his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 5). In support of his Motion, Petitioner indicated that he filed a motion in his direct appeal case to recall the mandate on April 29, 2016. *See Johnson v. Missouri*, No. ED97856 (Mo. Ct. App.). On July 20, 2016, Judge Shirley Padmore Mensah denied Petitioner's Motion because the Appellate Court denied Petitioner's motion to recall the mandate on June 20, 2016. *See id.*

On August 4, 2016, Petitioner filed the current Motion for Reconsideration indicating his intent to file a Motion for Leave to File Application for Transfer Out of Time with the Missouri Supreme Court (Doc. 13). Indeed, on August 17, 2016, Petitioner's Motion for Leave to File Application for Transfer Out of Time was filed with the Missouri Supreme Court. *See Johnson v. Missouri*, No. SC95886 (Mo.). In his Motion, Petitioner raises two issues:

(1) Direct appeal counsel was ineffective for failing to brief the Missouri Court of Appeals on the Federal Speedy Trial Act; and

(2) Direct appeal counsel was ineffective for failing to raise the claim that the circuit court abused its discretion by denying Petitioner's motion to dismiss and for refusing to provide certified copies (Docs. 12-2 at 7-13).

That same day, the Missouri Supreme Court directed Petitioner to pay an initial partial filing fee and Petitioner did so on September 6, 2016. *See Johnson v. Missouri*, No. SC95886 (Mo.). On November 1, 2016, the Missouri Supreme Court denied Petitioner's Motion for Leave to File Application for Transfer Out of Time. *See id.*

The Court finds that a stay and abeyance is inappropriate in this case. First, the Court notes that Petitioner's Motion for Reconsideration was filed prior to the opening of the pending Missouri Supreme Court case. Even if the Court were to overlook this procedural issue, *Rhines* only applies to habeas petitions containing both exhausted and unexhausted claims, a so-called "mixed petition." 544 U.S. at 275-76. *See also Winfield v. Wallace*, No. 4:15-CV-959 CAS, 2015 WL 9489508, at *2 (E.D. Mo. Dec. 30, 2015). To satisfy *Rhines*, therefore, Petitioner's Section 2254 Petition before this Court would need to include both exhausted and unexhausted claims. However, Petitioner's Motion for Leave to File application for Transfer Out of Time does not address any of the claims before this Court and the claims before this Court have been procedurally exhausted. Furthermore, the Missouri Supreme Court denied Petitioner's Motion for Leave to File Application for Transfer Out of Time on November 1, 2016. Therefore, a stay pursuant to *Rhines* is unwarranted.

Finally, attached to Petitioner's Motion for Reconsideration is what appears to be a First Amended Petition (Doc. 12-2 at 14-32). Because the Court is unable to discern whether Petitioner intended to file an amended petition, in an abundance of caution, the Court will allow Petitioner the opportunity to amend his Petition, if he so chooses. However, Petitioner is warned an amended petition replaces an original petition and all previously-filed pleadings, so Petitioner

must include each and every one of the claims he wishes to pursue in an amended petition. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from an original petition, supplements, and/or pleadings that are not included in an amended petition would be deemed abandoned and would not be considered. *Id*.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to File Notice of the Beginning of Collateral Review Proceedings (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration (Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is granted until **December 7, 2016** to file an amended petition, if he so chooses. If Petitioner chooses to file an amended petition, within forty-five (45) days of the filing of the amended petition, Respondent shall show cause why the relief requested should not be granted. If Petitioner chooses to file a reply to Respondent's answer to the amended petition, the reply must be filed within sixty (60) days of the date the answer to the amended petition is filed.

Dated this 10th day of November, 2016.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE