UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLIVER JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-01129-SNLJ-NCC |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Appointment of Counsel (Doc. 4), Motion for Leave to File a Motion for an Evidentiary Hearing (Doc. 18), Motion for Leave to File a Motion for Appointment of Counsel (Doc. 20), and Motion for Leave to File a Request for Subpoena (Doc. 21). For the following reasons, Petitioner's Motions will be **DENIED, without prejudice**.

### I. Motions for the Appointment of Counsel

On July 7, 2016, Petitioner filed a Motion for Appointment of Counsel concurrently with his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 4). In his Motion, Petitioner indicates that he is unable to afford counsel, that the issues involved in this case are complex, and that a hearing is required to address the issue of an alibi witness (*Id.* at 1). On September 29, 2016, Petitioner filed a Motion for Leave to File a Motion for Appointment of Counsel (Doc. 20). Attached to his Motion is a second Motion for Appointment of Counsel (Doc. 20-1). In the interest of judicial efficiency, the Court will construe this filing as a Motion for Appointment of Counsel. In this second Motion for Appointment of Counsel, Petitioner

again asserts that he cannot afford to pay counsel, and that his evidence of actual innocence requires testimony duces tecum and an evidentiary hearing (Doc. 20-1).

The appointment of counsel for an indigent *pro se* petitioner lies within the discretion of the Court, since there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

Once Petitioner alleges a prima facie claim, the Court must determine Petitioner's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both Petitioner and the Court would benefit from the assistance of counsel. *Edwards v. Dwyer*, No. 1:06-CV-1 CAS, 2008 WL 222511, at *1 (E.D. Mo. Jan. 25, 2008). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id. See also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

After reviewing the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), the Court does not believe that either the factual or legal issues are complex. Moreover, it appears to the Court that Petitioner is clearly capable of articulating and presenting his claims. For these reasons, the Court finds that appointment of counsel is not warranted at this time, and Petitioner's motions should be denied without prejudice.

## II. Motion for an Evidentiary Hearing

On September 29, 2016, Petitioner filed a Motion for Leave to File a Motion for an Evidentiary Hearing (Doc. 18). Attached to his Motion for Leave is a Motion for an Evidentiary Hearing. In the interests of judicial efficiency, the Court will construe the Motion for Leave and associated Motion for an Evidentiary Hearing as a Motion for an Evidentiary Hearing. In his Motion for an Evidentiary Hearing, Petitioner asserts that an evidentiary hearing is required because "Petitioner has evidence of testimony and written records from a person, and testimony of written record of a deceased person that would reflect a dying declaration, stating that Petitioner was not in the State of Missouri when the crime now being challenged was committed" (Doc. 18-1). Petitioner has also concurrently filed a Petition for a Writ of Habeas Corpus Ad Testificandum requesting the Court transfer him for an evidentiary hearing (Doc. 19).

Under 28 U.S.C. § 2254(e)(2), a federal district court may not grant an evidentiary hearing unless "the applicant has failed to develop the factual basis of a claim in State court proceedings, . . . the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence[,] and [] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." An evidentiary hearing is not necessary when the merits of Petitioner's claims may be resolved based on the state court record. *McCann v. Armontrout*, 973 F.2d 655, 658-59 (8th Cir. 1992). At this stage of the litigation, it appears that the filings of the Parties and the state court record contain sufficient facts for the Court to make an informed decision on the merits of Petitioner's claims as presented in his Petition. Therefore, the Court will deny Petitioner's Motion without prejudice. In light of the Court's decision to deny Petitioner's Motion for an Evidentiary Hearing, the Court

will also deny Petitioner's request for a Writ of Habeas Corpus Ad Testificandum.

### III. Request for Subpoena

On September 29, 2016, Petitioner filed a Motion for Leave to File a Request for Subpoena (Doc. 21). Attached to his Motion is a Request for Subpoena (Doc. 21-1). In the interest of judicial efficiency, the Court will treat Petitioner's Motion and associated request as a Request for Subpoena. Petitioner requests a subpoena duces tecum of Will Sewell to provide any and all records pertaining to the Petitioner's location during the date and time of the alleged crime (*Id.*). Although Petitioner provides the Court with Mr. Sewell's Springfield, Illinois address, Petitioner does not provide any further details regarding his identity (*See id.*).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 903-05 (1997). Pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases, "A judge may, for *good cause*, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery" (emphasis added). "A party requesting discovery must provide reasons for the request [and] [t]he request must . . . specify any requested documents. Rule 6(b) of the Rules Governing Section 2254 Cases. Discovery is appropriate only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 909 (quotation marks omitted). However, Petitioner has failed to provide the Court with adequate detail regarding Mr. Sewell's identity or the nature of the documents requested. Regardless, at this stage of the litigation, it appears that the filings of the Parties and the state court record contain sufficient facts for the Court to make an informed decision on the merits of Petitioner's claims as presented in his Petition. *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999)

(quotation marks omitted) ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence."). Therefore, the Court will deny Petitioner's Request for Subpoena without prejudice.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. 4), Motion for Leave to File a Motion for an Evidentiary Hearing (Doc. 18), Motion for Leave to File a Motion for Appointment of Counsel (Doc. 20), and Motion for Leave to File a Request for Subpoena (Doc. 21) are **DENIED, without prejudice**.

Dated this 22nd day of November, 2016.

                                                                            /s/ Noelle C. Collins
                                                                            NOELLE C. COLLINS
                                                                            UNITED STATES MAGISTRATE JUDGE