UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLIVER JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:16-cv-01129-SNLJ-NCC |
| | ) |
| JAY CASSADY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion to Reconsider the Denial of an Evidentiary Hearing and All Related Applications, Alternatively for Other Relief (Doc. 28). This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) (Doc. 11). For the following reasons, Petitioner's Motion will be **DENIED**.

On November 22, 2016, the Court denied Petitioner's Motion for Appointment of Counsel (Doc. 4), Motion for Leave to File a Motion for an Evidentiary Hearing (Doc. 18), Motion for Leave to File a Motion for Appointment of Counsel (Doc. 20), and Motion for Leave to File a Request for Subpoena (Doc. 21) without prejudice. In his Motion to Reconsider, Petitioner requests the Court reconsider its denial of his Motions because the address of the witness at issue was provided to the Court and the witness was newly discovered during post-conviction proceedings. Alternatively, Petitioner seeks to invoke Missouri Supreme Court Rule 25.13(b) in order to depose this out-of-state witness. Indeed, Missouri Supreme Court Rule 25.13(b) states, "At the trial or upon any hearing, any deposition obtained in accordance with [these Rules], so far as it is otherwise admissible under the rules of evidence, may be used by defendant if it appears that the witness . . . (b) is out of the state . . . ."

Petitioner misconstrues this Court's prior order. In the order, the Court noted that while Petitioner provided the Court with the witness's address, he failed to provide the Court with any further details regarding the identity of the witness or the nature of the documents he requests from the witness. Petitioner does not remedy these errors at this time; his motion does not include any of the required information. Further, as the Court noted in its original order, at this stage of the litigation, it appears that the filings of the Parties and the state court record contain sufficient facts for the Court to make an informed decision on the merits of Petitioner's claims as presented in his Petition. Finally, the Court notes that, in federal court, matters of civil procedure, including when and how to conduct discovery, are determined under the Federal Rules of Civil Procedure, not pursuant to the Rules of the Missouri Supreme Court. Therefore, Missouri Supreme Court Rule 25.13(b) does not apply to the witness's deposition in this federal habeas action.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to reconsider the Denial of an Evidentiary Hearing and All Related Applications, Alternatively for Other Relief (Doc. 28) is **DENIED**.

Dated this 27th day of October, 2017.

          /s/ Noelle C. Collins
          NOELLE C. COLLINS
          UNITED STATES MAGISTRATE JUDGE