UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLIVER JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:16-CV-01129-SNLJ-NCC |
| ) | |
| EILEEN RAMEY,[1] ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

This matter is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Oliver Johnson ("Petitioner") (Doc. 1).  This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) (Doc. 11).[2]  After reviewing the case, the undersigned has determined that Petitioner is not entitled to relief.  As a result, the undersigned will **RECOMMEND** that the Petition be **DENIED** and the matter **DISMISSED**.

**I.  BACKGROUND**

On September 9, 2011, Petitioner was convicted by a jury in the Circuit Court of St. Louis County of second-degree robbery (Doc. 17-6 at 2, 104).  On December 16, 2011, the

---

[1] Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri (*See* Doc. 28 at 4).  Eileen Ramey is the Warden and proper party respondent.  *See* 28 U.S.C. § 2254, Rule 2(a).

[2] In his Traverse, Petitioner states that he has opted for review by a District Judge and appears to indicate that he believes that his request has not been filed (*See* Doc. 22 at 2).  However, on July 25, 2016, at the request of a party, this action was reassigned from the Honorable Magistrate Judge Shirley Padmore Mensah to the Honorable District Judge Stephen N. Limbaugh, Jr. pursuant to Local Rule 2.08 (Doc. 10).  On August 4, 2016, Judge Limbaugh referred this action to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) (Doc. 11).  Accordingly, Judge Limbaugh, a District Judge, will review the undersigned's recommendations as well as Petitioner's objections, if any, and issue a decision in the matter.

Circuit Court sentenced Petitioner to a term of 30 years in the Missouri Department of Corrections (*Id.* at 128-31). Petitioner appealed the judgment, raising two claims:

> (1) The trial court erred and abused its discretion in failing to enter an order dismissing the charges with prejudice against Petitioner because the Sate failed to bring him to trial within the 180-day time limit specified in Section 217.490, the Interstate Agreement on Detainers; and
>
> (2) The trial court erred in overruling defense counsel's motion to suppress identifications and in admitting evidence about the identifications violating Petitioner's rights to a fair trial, to counsel, and to due process of law in that Petitioner had a right to counsel at his lineup during this "critical stage" of his criminal proceedings because adversarial proceedings had begun against him and Petitioner was represented by counsel before the identification, and Petitioner was not afforded the ability to consult with, or have, counsel present during the lineup.

(Doc. 17-1). On November 5, 2013, the Missouri Court of Appeals affirmed Petitioner's conviction and sentence on direct appeal (Doc. 17-3; *State v. Johnson,* 412 S.W.3d 917 (Mo. Ct. App. 2013)).

On February 23, 2012, Petitioner filed a Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15 (Doc. 17-12 at 6-14). On January 27, 2014, with the assistance of counsel, Petitioner filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence (*Id.* at 15-36). The post-conviction relief court, after conducting an evidentiary hearing, denied Petitioner's post-conviction motion on July 25, 2014 (*Id.* at 89-98). Petitioner filed an appeal raising the following three issues:

> (1) The motion court clearly erred in denying Petitioner's request for relief after a hearing because he proved facts showing he was denied his rights to due process and effective assistance of counsel in that trial counsel failed to adequately and competently impeach a critical state's witness, Shirley Hill;
>
> (2) The motion court clearly erred in denying Petitioner's request for relief after a hearing because he proved facts showing he was denied his rights to due process and effective assistance of counsel in that trial counsel failed to call Starr Poirrier as a witness and this decision was not a result of reasonable trial strategy; and

> (3) The motion court clearly erred in denying Petitioner's request for relief after a hearing because he proved facts showing he was denied his rights to due process and effective assistance of counsel in that trial counsel represented Petitioner despite having a conflict of interest.

(Doc. 17-7). On September 8, 2015, the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-conviction relief motion (Doc. 17-9).

On April 29, 2016, Petitioner filed a *pro se* Motion to Recall the Mandate in his direct appeal case raising the following two claims:

> (1) Direct appeal counsel was ineffective for failing to properly brief the court of appeals on the Speedy Trial Act and present supporting evidence; and
>
> (2) Direct appeal counsel was ineffective for failing to raise the claim and brief the court on the issue that the trial judge abused his discretion by denying Petitioner's motion to dismiss for lack of jurisdiction and refusing to provide counsel with certified copies of all Petitioner's speedy trial requests.

(Doc. 17-18). That same day, Petitioner filed a Motion to Transfer his Motion to Recall the Mandate to the Supreme Court (Doc. 17-14). The Missouri Court of Appeals denied Petitioner's Motions on June 20, 2016. *See State v. Johnson*, No. ED97856 (Mo. Ct. App. 2016). On August 17, 2016, Petitioner filed a Motion for Leave to File Application for Transfer out of Time which was subsequently denied by the Missouri Supreme Court on November 1, 2016 (*See* Doc. 24).

On July 7, 2016, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody raising the follow four grounds for relief:

> (1) The trial court abused its discretion by failing to dismiss Petitioner's case due to a violation of the Speedy Trial Act (Doc. 1 at 16);
>
> (2) The trial court erred in denying Petitioner's motion to dismiss under the Speedy Trial Act (*Id.* at 29);
>
> (3) The trial court erred in overruling Petitioner's motion to suppress identification evidence and in admitting evidence about the identification (*Id.* at 30);
>
> (4) Petitioner's trial counsel was ineffective by failing to represent Petitioner in the same manner as a reasonable, competent attorney would have done under the same

3

circumstances which prejudiced petitioner at trial (Doc. 1 at 34). Specifically,

(a) Counsel failed to adequately impeach Shirley Hill,

(b) Counsel failed to call Starr Poirrer as a witness, and

(c) Counsel represented Petitioner despite having a conflict of interest.

(Doc. 1 at 34-38). Petitioner also contemporaneously filed a Motion to Stay and Abey pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) in light of his Motion to Recall the Mandate then-pending before the Missouri Court of Appeals (Doc. 5). On July 20, 2016, Judge Shirley Padmore Mensah denied Petitioner's Motion because the Appellate Court denied Petitioner's motion to recall the mandate on June 20, 2016. *See id.* On August 4, 2016, Petitioner filed Motion for Reconsideration indicating his intent to file a Motion for Leave to File Application for Transfer Out of Time with the Missouri Supreme Court (Doc. 13). Prior to the Court ruling on Petitioner's Motion for Reconsideration, the Motion to Transfer was denied by the Missouri Supreme Court on November 1, 2016 (*See* Doc. 24). The Court subsequently denied the Motion for Reconsideration but affording Petitioner an opportunity to amend his Petition (Doc. 23). Petitioner chose not to amend his Petition (Doc. 26).

## II.  DISCUSSION

"In the habeas setting, a federal court is bound by the AEDPA[3] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[3] The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254.

4

Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

**A. Procedural Default**

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. *Id.* at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. *Id.* at 1022 (quoting *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. *Id.* "[T]he existence of cause for a procedural default must ordinarily

5

turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Petitioner's Grounds 1 and 2 are procedurally defaulted and may not give rise to federal habeas relief. Petitioner failed to raise Grounds 1 and 2 before the state courts. Petitioner asserts, as cause for the default, that direct appeal counsel was ineffective for failing to raise these grounds before the direct appeal court. Indeed, Petitioner raised these issues in his Motion to Recall the Mandate (Doc. 17-18). However, to the extent Petitioner attempts to raise these claims of ineffective assistance of direct appeal counsel before this Court, those claims are also procedurally defaulted as Petitioner did not raise them before the state courts during his post-conviction proceeding. *See Wooten v.* Norris, 578 F.3d 767, 786 n.5 (8th Cir. 2009) (explaining that a motion to recall the mandate to be the proper avenue for presenting a claim alleging ineffective assistance of appellate counsel prior to 1996 when convicted defendants were required to file their post-conviction motions prior to the resolution of their direct criminal appeals). Such defaulted claims of ineffective assistance of direct appeal counsel cannot establish cause. *See Edwards v. Carpenter,* 529 U.S. 446, 450-54 (2000); *Williams v. Kemna,* 311 F.3d 895, 897 (8th Cir. 2002). Therefore, the undersigned will recommend that Grounds 1 and 2 be denied as procedurally defaulted.

**B. Ground 3: Motion to Suppress Claim**

In Ground 3, Petitioner asserts that the trial court erred in overruling Petitioner's motion to suppress identification evidence and in admitting evidence about the identification. Petitioner argues that he was denied counsel at a physical lineup in violation of the Sixth and Fourteenth

6

Amendments.  Specifically, Petitioner indicates that he had counsel but was not allowed to consult with or have counsel present during the lineup.

On August 12, 2010, a complaint was filed against Petitioner charging him with robbery in the first degree and armed criminal action (Doc. 17-6 at 5, 17-19).  On November 8, 2010, trial counsel filed a Motion to Suppress Identification stemming from the physical lineup conducted on August 11, 2010 (Doc. 17-6 at 41-42).  The motion sought to exclude evidence of the witnesses' identifications on the grounds that they were unreliable and the product of suggestive procedures (*Id.*).  On September 6, 2011, after holding a hearing on the matter the trial court denied Petitioner's Motion to Suppress Identification (Doc. 17-6 at 10, 80).  At the hearing, the officer responsible for the lineup, Officer Anton Treis, testified that at the time of the physical lineup, he knew that Petitioner was in custody on another case and represented by counsel in that case (Doc. 17-17 at 8, 13).  Officer Treis did not contact Petitioner's counsel before conducting the physical lineup procedure for this case nor did he document that Petitioner voluntary waived his right to have his attorney present (Doc. 17-7 at 13-14).  Officer Treis testified that Petitioner never requested an attorney (Doc. 17-7 at 13).

The appellate court, on plain error review, determined that the trial court did not err in denying Petitioner's motion to suppress the identification of two witnesses resulting from a physical lineup because Petitioner's Sixth Amendment right to counsel had not attached at the time the lineup was conducted (Doc. 17-4 at 6).  In so doing, the appellate court found that adversarial proceedings had not yet commenced at the time of the physical lineup on August 11, 2010 as no complaint or formal charge had been filed against Petitioner.

As a preliminary matter, this ground is procedurally defaulted.  Although Petitioner raised Ground 3 before the state court on direct appeal, the appellate court noted that Petitioner

7

failed to raise this specific argument in his motion to suppress and that the claim was therefore not preserved for appeal. The court nevertheless reviewed the claim for plain error (*Id.* at 6). However, under Eighth Circuit law, a state court's discretionary plain-error review of unpreserved claims cannot excuse a procedural default. *Clark v. Bertsch*, 780 F.3d 873, 877 (8th Cir. 2015).

Regardless, the Missouri state appellate court reasonably applied clearly established federal law. "The Sixth Amendment right to counsel is triggered at or after the time that judicial proceedings have been initiated whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Fellers v. United States*, 540 U.S. 519, 523 (2004) (internal quotation marks omitted). "[A]n accused is entitled to counsel at any critical stage of the prosecution." *Kirby v. Illinois*, 406 U.S. 682, 690 (1972). "A preindictment lineup is not a 'critical stage' in a criminal prosecution." *Rowe v. Lockhart*, 736 F.2d 457, 459 (8th Cir. 1984). Here, on August 12, 2010, a complaint was filed against Petitioner charging him with robbery in the first degree and armed criminal action. Petitioner's right to counsel had not yet attached when he participated, without counsel, in a live lineup on August 11, 2010. This is still the case even though Officer Treis knew that Petitioner was in custody on another matter and represented by counsel in that case. *Texas v. Cobb*, 532 U.S. 162, 166 (2001) (internal quotation marks omitted) ("The Sixth Amendment right to counsel is offense specific."). Further, Petitioner did not object to the lineup or request the presence of counsel at the time. Therefore, the undersigned will recommend that Ground 3 be denied.

**C. Ground 4: Ineffective Assistance of Trial Counsel Claims**

In Ground 4, Petitioner asserts that trial counsel provided ineffective assistance of counsel. In order to state a claim of ineffective assistance of trial counsel, Petitioner must

8

demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Id.* To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id. at 694.* Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotations and citations omitted).

### *Failure to Impeach a Witness*

First, Petitioner argues that trial counsel was ineffective for failing to adequately impeach witness Shirley Hill ("Hill"). Indeed, as the state concedes, Hill gave inconsistent statements about where she stood during the crime, when she saw Petitioner, and who else she saw in the getaway van with Petitioner (Doc. 17-10 at 6). The motion court found that counsel was not ineffective for failing to impeach Hill because the alleged inconsistencies "were not the sorts of things that would create any doubt about the reliability of Ms. Hill's identification" (Doc. 17-2). Regardless, the motion court determined that Petitioner was not prejudiced as another witness "made a strong, unequivocal, and uncontradicted identification" (*Id.*). The post-conviction appellate court found the motion court did not clearly err in denying Petitioner's claim that counsel was ineffective for failing to impeach Hill (Doc. 17-10 at 7). In so doing, the post-conviction appellate court found that the inconsistencies would not have provided a defense or called Hill's testimony into serious doubt as to the material issues (*Id.* at 6). The post-conviction appellate court noted that the inconsistencies, which focus on the initial moments when Hill

9

notices Petitioner's approach, do not contradict the evidence of Petitioner's identification (*Id.*). Further, the post-conviction appellate court, found Petitioner not to be prejudiced by counsel's alleged failure to impeach Hill with collateral statements in light of the other witnesses' identification of Petitioner as the individual who stole the van (*Id.* at 7).

The Missouri Courts reasonably applied *Strickland*. Petitioner cannot establish that his counsel was ineffective or he was prejudiced by his trial counsel's alleged failure to impeach Hill. Courts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel. *United States v. Orr*, 636 F.3d 944, 952 (8th Cir. 2011) (citation omitted). Here, impeachment of Hill's collateral statements would not have provided Petitioner with a defense. Further, a failure to impeach constitutes ineffective assistance only when there is a reasonable probability, absent counsel's failure, the jury would have had reasonable doubt of the Petitioner's guilt. *Id*. Here, the Court cannot find that, but for trial counsel's alleged error, the outcome of Petitioner's trial would have been any different; Petitioner was identified by three other witnesses. *Strickland*, 466 U.S. at 694 (To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Therefore, the undersigned will recommend that this portion of Ground 4 be denied.

### *Failing to Call a Witness*

Second, Petitioner asserts that trial counsel was ineffective when he failed to call Starr Poirrer ("Poirrer") as a witness. Petitioner asserts that Poirrer was in the van at the time of the robbery but would not have identified him. The motion court determined that counsel was not ineffective for failing to call Poirrer to testify that she had been unable to identify the robber because it was reasonable trial strategy not to call a witness who counsel believed was

10

sympathetic to the state, would attempt to injure Petitioner's case, and could potentially identify Petitioner as the culprit (Doc. 17-2 at 95-96). Further, the motion court found there not to be any prejudice resulting from counsel's alleged failure as other witnesses were able to identify Petitioner as the driver (*Id.* at 96). The post-conviction appellate court determined the motion court did not clearly err in denying Petitioner's claim that trial counsel was ineffective for failing to call Poirrer as a witness (Doc. 17-10 at 9). The post-conviction appellate court found that trial counsel had made a proper strategic decision not to call Poirrer based on a number of factors— (1) Poirrer's inability to identify Petitioner would not have established a defense as she was not in a position to make an identification; (2) four other witnesses positively identified Petitioner; and (3) counsel felt Poirrer was biased against Petitioner and in favor of the state (*Id.* at 8). The post-conviction appellate court further found that Petitioner could not show that he was prejudiced by the absence of Poirrer's testimony in light of the positive identification of Petitioner by four other witnesses (*Id.*).

The Missouri Courts reasonably applied *Strickland*. Petitioner cannot establish that his counsel was ineffective or that he was prejudiced by counsel's alleged failure to call Poirrer as a witness. During the evidentiary hearing, trial counsel testified that he spoke with Poirrer before trial and found her to be biased towards the state (Doc. 17-16 at 46-49, 65). Poirrer's potential testimony would not have been particularly helpful to the Petitioner. Poirrer was not an alibi witness, as Petitioner appears to claim. In fact, the only potential defense offered by Poirrer testimony, if indeed she was unable to identify Petitioner, was her non-identification. "The court does not 'second-guess' trial strategy or rely on the benefit of hindsight and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective." *Williams v. United States*, 452 F.3d 1009, 1013 (8th Cir. 2006) (internal citation omitted).

11

Further, the Court cannot find that Petitioner was prejudiced by counsel's alleged error. As addressed previously, Petitioner was identified by four witnesses. "[T]here is no prejudice [arising from trial counsel's failure to call a witness] if, factoring in the uncalled witnesses, the government's case remains overwhelming. *Armstrong v. Kemna,* 590 F.3d 592, 605 (8th Cir. 2010). Therefore, the undersigned will recommend that this portion of Ground 4 be denied.

### *Conflict of Interest*

Finally, Petitioner asserts that counsel was ineffective because counsel represented Petitioner despite having a conflict of interest. Prior to his representation of Petitioner in the current underlying criminal action, trial counsel represented Petitioner during the plea hearing on a prior stealing charge (Doc. 17-10 at 3). Petitioner filed a post-conviction relief motion claiming that his counsel was ineffective in his representation of Petitioner on the stealing charge (*Id.*). Petitioner raised this issue with the trial court during a hearing in this action and the trial court allowed Petitioner to speak with the head public defender (*Id.*). Petitioner elected to have trial counsel continue to represent him and withdrew his request for the appointment of new trial counsel (*Id.*).

The motion court concluded that counsel was not ineffective for representing Petitioner because there was no actual conflict of interest and there was nothing that counsel did or failed to do in his representation of Petitioner that was detrimental to Petitioner and advantageous to counsel (Doc. 17-12 at 97). The post-conviction appellate court determined that the motion court did not clearly err in denying Petitioner's claim that trial counsel was ineffective for having an alleged conflict of interest (Doc. 17-10 at 11). The post-conviction appellate court found, as a preliminary matter, that the mere filing of a lawsuit alleging ineffective assistance does not necessarily create a conflict of interest (*Id.* at 9). The court further found that Petitioner failed to

12

show an actual conflict because he had not demonstrated that he suffered prejudice from the alleged conflict as counsel did not act or fail to act in any way to Petitioner's detriment (*Id.* at 10). In fact, the post-conviction appellate court determined that counsel zealously defended Petitioner (*Id.*).

The Missouri Courts reasonably applied *Strickland*. Petitioner cannot establish that his counsel was ineffective or that he was prejudiced by his trial counsel's alleged conflict of interest. "The Sixth Amendment right to counsel has been interpreted to provide for representation that is free from conflicts of interest or divided loyalties." *Caban v. United States*, 281 F.3d 778, 781 (8th Cir. 2002) (internal quotation marks omitted). To establish an ineffective assistance of counsel claim based on a conflict of interest, Petitioner must "identify an actual and demonstrable adverse effect." *Winfield v. Roper*, 460 F.3d 1026, 1039 (8th Cir. 2006). To do so, Petitioner needs to demonstrate "that the conflict caused the attorney's choice to engage or not to engage in particular conduct." *Id.* "Such a showing requires the [petitioner] to identify a plausible alternative defense strategy or tactic that defense counsel might have pursued, show that the alternative strategy was objectively reasonable under the facts of the case, and establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." *Id.* (citations omitted). Petitioner has failed to show that he had an actual conflict with his trial counsel. Petitioner has not provided this Court, or either Missouri court, with a concrete example of how this alleged conflict resulted in an action or inaction detrimental to Petitioner. Further, Petitioner raised the potential conflict before the trial court, met with the head of the public defender's office, and chose to have trial counsel continue to represent him. Therefore, the undersigned will recommend that this portion of Ground 4 be denied.

13

*Cumulative Errors*

Finally, to the extent Petitioner asserts that the accumulation of counsel's alleged errors violated his rights, "[e]rrors that are not unconstitutional individually cannot be added together to create a constitutional violation." *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) (citation omitted). *See also Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006) ("a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test."); *United States v. Robinson*, 301 F.3d 923, 925 n. 3 (8th Cir. 2002) (recognizing "the numerosity of the alleged deficiencies does not demonstrate by itself the necessity for habeas relief," and noting the Eighth Circuit's rejection of cumulative error doctrine). Therefore, the undersigned will recommend the entirety of Ground 4 be denied.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not recommend a certificate of appealability issue. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docs. 1) be **DENIED** and this case be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability should issue. 28 U.S.C. § 2253.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Dated this 19th day of June, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE